# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO MATA TAPIA, | 1:05-cv-01257-LJO-TAG HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION |
| v. | TO DISMISS [Doc. 15] |
| M. S. EVANS, | ORDER REQUIRING OBJECTIONS TO BE FILED WITHIN FIFTEEN DAYS |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND[1]

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a judgment of the Superior Court of California, County of Tulare, following his 2004 conviction for forcible lewd act on a child, lewd or lascivious acts, and receiving stolen property. (Cal. Pen. Code §§ 288(B)(1), 288(A), and 496(A). (Doc. 14, Lodged Document ("LD") 1). Petitioner is serving a prison term of six years. (Id.). Petitioner filed the instant petition on September 14, 2005, in the United States District Court for the Northern District of California, and the matter was transferred to this Court on October 4, 2005. (Doc. 5). On January 22, 2008,

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's motion to dismiss the petition, and the lodged documents in support of the motion to dismiss.

Respondent filed the instant motion to dismiss, contending that Petitioner's claims have never been exhausted in state court and therefore the petition should be dismissed. (Doc. 15). Petitioner did not file an opposition to the motion to dismiss.

## DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

### B. Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S. Ct. 2546 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887 (1995); Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis), superceded by

1  statute as stated in Williams v. Taylor, 529 U.S. 432, 434, 120 S. Ct. 1479 (2000).

2        Additionally, the petitioner must have specifically told the state court that he was raising a
3  federal constitutional claim.  Duncan, 513 U.S. at 365-366; Lyons v. Crawford, 232 F.3d 666, 669
4  (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th
5  Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States
6  Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000)(italics added).

      C.  Petitioner's claims

      In the petition before the Court, Petitioner raises three grounds for relief: (1) failure of the arresting officer to read Petitioner his Miranda rights; (2) a violation of the Vienna Convention; and (3) ineffective assistance of trial counsel.  (Doc. 5, Exh. 3).  Respondent has filed exhibits to the motion to dismiss that establish that Petitioner sought to exhaust his remedies for these three claims by filing a habeas corpus petition in the California Supreme Court.  (Doc. 14, LD 2).  However, that

1 petition was denied by the high court, citing People v. Duvall, 9 Cal.4th 464, 474 (1995), In re
2 Swain, 34 Cal.2d 300, 304 (1949), and In re Lindley, 29 Cal.2d 709 (1947).  (Id.).  Under California
3 law, a citation to Duvall and Swain indicates that a petitioner has failed to state his claim with
4 sufficient particularity for the state court to examine the merits of the claim, Harris v. SuperiorCourt,
5 500 F.2d 1124, 1128 (9th Cir. 1974), and/or has failed to "include copies of reasonably available
6 documentary evidence supporting the claim, including pertinent portions of trial transcripts and
7 affidavits or declarations."  Duvall, 9 Cal.4th at 474.

8    Respondent contends that state court remedies have not been exhausted because Petitioner's
9 California Supreme Court petition was denied on procedural grounds, i.e., by the citation to Duvall
10 and Swain.  (Doc. 15, p. 3).  Specifically, Respondent contends that Petitioner's petition in the
11 California Supreme Court was denied for lack of particularity, and because Petitioner could have
12 cured that defect by filing a new petition that contained sufficient particularity to satisfy the state
13 court, Petitioner's claims remain unexhausted.  (Id.).  The Court agrees with Respondent.

14    In Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986), the Ninth Circuit considered a
15 state petition denied with a citation to In re Swain, 34 Cal.2d 300.  Like Duvall, a citation to Swain
16 stands for the proposition that a petitioner has failed to state his claim with sufficient particularity.
17 That deficiency, when it exists, can be cured in a renewed state petition and state judicial remedies
18 therefore are not considered exhausted.  See Kim, 799 F.2d at 1319; see also McQuown v.
19 McCartney, 795 F.2d 807, 808 n 1, 809 (9th Cir1986); Harris v. Superior Court, 500 F .2d at 1128.
20 In Kim, the Ninth Circuit found that the Swain citation indicated that the claims were unexhausted
21 because their pleadings defects, i.e., lack of particularity could be cured in a renewed petition.  Kim,
22 799 F.2d at 1319.

23    However, in Kim, the Ninth Circuit also stated that it was "incumbent" on the district court,
24 in determining whether the federal standard of "fair presentation" of a claim to the state courts had
25 been met, to independently examine Kim's petition to the California Supreme Court.  Id. at 1320.
26 "The mere recitation of In re Swain does not preclude such review."  Id.  "Fair presentation" requires
27 only that the claims be pleaded with as much particularity as is practicable.  Kim, 799 F.2d at 1320.
28 ///

Because Swain and Duvall stand for the same proposition, and applying the principles set forth in Kim v. Villalobos, this Court will review Petitioner's habeas petition filed in the California Supreme Court to determine whether his claims were "fairly presented" under federal exhaustion standards.

In his state habeas petition to the California Supreme Court, Petitioner raised the same three grounds for relief as in the instant petition, further supported by two three-page handwritten arguments.[2]  (Doc. 14, LD 2). Regarding the Miranda claim, Petitioner indicates that he was not advised of his rights under Miranda, and that he was thereafter asked questions by police officers. Later, Petitioner indicates that the prosecutor used an unlawfully obtained "confession" from Petitioner.  However, Petitioner pleaded guilty to the crimes for which he was convicted; there was no trial and thus no point at which the prosecution would have sought to introduce either a confession or inculpatory statements from Petitioner.   Petitioner does not indicate to the state court what inculpatory statements he made to officers that should have been excluded as unlawfully obtained.  Without knowing precisely what statements are alleges to have been illegally obtained by the prosecution, the California Supreme Court could not make a determination regarding whether the manner in which those statement was obtained was unconstitutional.  Thus, the Court agrees with the California Supreme Court that this claim lacks sufficient specificity.

Regarding the second claim of a violation of the Vienna Convention, Petitioner provides no explanation at all.  He does not indicate what provisions of that convention were violated or by whom.  Accordingly, the Court again agrees with the California Supreme Court that this claim is not pleaded with sufficient particularity.

Finally, regarding the claim for ineffective assistance of counsel, Petitioner explains that he repeatedly asked his attorney for the evidence against him and he implies, without actually stating, that his attorney never told him about the evidence against him except to say he had been charged with sexually assaulting a victim Petitioner claims he did not know. (Doc. 14, LD 2). Again, the

---

[2] The second three-page legal discussion relates to the question of sufficiency of the evidence and standards of review, matters not raised in Petitioner's three claims in the California Supreme Court.  Thus, the second three-page legal discussion  provides no additional "particularity" as to the claims raised in the state petition.

Court agrees with the California Supreme Court that the claim is not pleaded with sufficient particularity. It is unclear precisely what additional information Petitioner required from his attorney at that early point in the proceedings beyond the nature of the charge, the identity of the victim, and the circumstances of the offense. Nor is it clear from the way in which the claim is framed precisely what obligation the trial attorney would have had at that point to provide Petitioner with more detailed information regarding the prosecution's case. Since Petitioner pleaded guilty to the charges, thus obviating a trial, there was no formal evidence presented in this case, only police reports and, presumably, victim and witness statements. If Petitioner was not provided with these specific items, and he is alleging that defect as a basis for ineffective assistance of counsel, he has not indicated that in his explanation of his claim.

The Court therefore agrees, as Respondent argues, that the California Supreme Court's citation to both Swain and Duvall makes it clear that the state court denied Petitioner's state habeas corpus petition on the ground that his pleading was insufficient, and that the court did not reach the merits of the petition. A state court habeas petitioner who has failed to meet the state's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. Coleman v. Thompson, 501 U.S. at 732. Absent "fair presentation" of those claims in the state court, the claims remain unexhausted. Thus, the Court finds that Petitioner has failed to exhaust his claims in state court.[3]

## RECOMMENDATIONS

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss (Doc. 15), be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

///

---

[3] In light of the Court ruling on exhaustion, it is unnecessary to address Respondent's additional grounds for dismissal, i.e., that Ground Two, regarding the Vienna Convention, should be summarily dismissed as non-cognizable. (Doc. 15, p. 4).

1   Within fifteen (15) days after being served with a copy of these findings and
2   recommendations, any party may file written objections with the Court and serve a copy on all
3   parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and
4   Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days
5   (plus three days if served by mail) after service of the objections.  The District Judge will then
6   review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised
7   that failure to file objections within the specified time may waive the right to appeal the District
8   Judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

10  IT IS SO ORDERED.

11  Dated:  **July 25, 2008**                              **/s/ Theresa A. Goldner**
                                                     UNITED STATES MAGISTRATE JUDGE